**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.  EDCV 10-01184 VAP (DTBx)                      Date:  October 4, 2010

Title:   NANETTE JIMENEZ AND JOHANNA JIMENEZ, INDIVIDUALS -v- BANK OF AMERICA HOME LOANS SERVICING LP, SECURED BANKERS MORTGAGE COMPANY, AMERICAN COAST FUNDING CORPORATION, RECONTRUST COMPANY N.A. AND DOES 1 THROUGH 10
===============================================================
PRESENT:      HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

    Marva Dillard                                      None Present
    Courtroom Deputy                         Court Reporter

ATTORNEYS PRESENT FOR                           ATTORNEYS PRESENT FOR
PLAINTIFFS:                                     DEFENDANTS:

  None                                          None

PROCEEDINGS:     MINUTE ORDER: (1) ORDERING DEFENDANTS BANK OF AMERICA HOME LOANS SERVICING, LP, AND RECONTRUST COMPANY TO SHOW CAUSE; and (2) VACATING OCTOBER 18, 2010 HEARING (IN CHAMBERS)

    On June 22, 2010, Plaintiffs Nanette Jimenez and Johanna Jimenez (collectively, "Plaintiffs") filed a complaint ("Complaint") against Defendants Bank of American Home Loans Servicing, LP, Recontrust Company, Secured Bankers Mortgage Company, and American Coast Funding Corporation (collectively, "Defendants") in the California Superior Court for the County of San Bernardino.  In

EDCV 10-01184 VAP (DTBx)
NANETTE JIMENEZ, et al. v. BANK OF AMERICA HOME LOANS SERVICING, et al.
MINUTE ORDER of October 4, 2010

their Complaint, Plaintiffs allege ten California state claims, including fraudulent concealment. On August 9, 2010, Defendants Bank of American Home Loans Servicing, LP and Recontrust Company (collectively, "Removing Defendants")[1] removed this action to this Court. Removing Defendants assert this Court has jurisdiction over this action under 28 U.S.C. § 1331.

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441, et seq. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman--Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (S.D.), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

In the Notice of Removal, Removing Defendants allege removal is proper because Plaintiffs' claims arise under federal law, 28 U.S.C. § 1331. (See Not. of Removal at 2.) Specifically, Removing Defendants allege the Court has original jurisdiction over this action because Plaintiffs' claims are based on violations of two federal laws — the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA") and the Real Estate Settlement and Procedures Act, 12 U.S.C. § 2601, et seq. ("RESPA"). (Id.)

---

[1] Removing Defendants assert that Defendants Secured Bankers Mortgage Company and American Coast Funding Corporation were not required to join the removal action because, as of August 6, 2010, three days before the filing of the notice of removal, the docket did not indicate the filing of proofs of service as to the two non-removing Defendants. The Court accepts this assertion as true, unless Plaintiffs submit proof of service of Complaint, dated before the filing of the notice of removal.

MINUTES FORM 11　　　　　　　　　　　　　　　　Initials of Deputy Clerk ___md___
CIVIL -- GEN　　　　　　　　　　　Page 2

EDCV 10-01184 VAP (DTBx)
NANETTE JIMENEZ, et al. v. BANK OF AMERICA HOME LOANS SERVICING, et al.
MINUTE ORDER of October 4, 2010

A claim arises under federal law within the meaning of 28 U.S.C. § 1331 if (1) federal law creates the claim asserted; (2) under the artful pleading doctrine, the cause of action should be recharacterized as a federal claim, either because it omits federal law essential to the cause of action or because the state law cause of action is completely pre-empted by federal law; or (3) the claim necessarily turns on the construction of a substantial, disputed federal question.  See Rains v. Criterion Sys., Inc., 80 F.3d 339, 343-46 (9th Cir. 1996).  "When a claim can be supported by alternative and independent theories — one of which is a state law theory and one of which is a federal law theory — federal question jurisdiction does not attach because federal law is not a necessary element of the claim." Id. at 346; see also Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 810 (1988).

Here, each of Plaintiffs' ten claims is based on California state law.  As part of their claim of fraudulent concealment, Plaintiffs allege TILA and RESPA violations by Defendants Secured Bankers Mortgage Company, American Coast Funding Corporation, and Bank of America Loans Servicing, LP.  A review of the Complaint, however, reveals that none of Plaintiffs' claims, including the fraudulent concealment claim, were created by TILA, RESPA, or any other federal law.  Moreover, it does not appear that any of Plaintiffs' claims should be recharacterized as federal claims under the artful pleading doctrine, or that any of the claims necessarily turns on the construction of a substantial, disputed federal question.  In particular, it does not appear that Plaintiffs' fraudulent concealment claim, which allegedly involved provision of false documents and withholding of required documents by Defendants, is preempted by TILA or RESPA, or dependent on either of the federal laws. Accordingly, the Court orders Removing Defendants to show cause, in writing, no later than October 11, 2010, why this action should not be remanded.

Defendants filed a motion to dismiss or, in the alternate, strike portions of Plaintiffs' Complaint ("Motion to Dismiss") on August 30, 2010, noticed for hearing on October 18, 2010.  The Court VACATES the hearing pending outcome of the Order to Show Cause.  As Plaintiffs have not timely filed opposition to the Motion to Dismiss, the matter will stand submitted on the papers timely filed by Defendants.

**IT IS SO ORDERED.**

MINUTES FORM 11                                              Initials of Deputy Clerk ___md___
CIVIL -- GEN                                 Page 3